050370/4

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
## IN AND FOR ORANGE COUNTY, FLORIDA
## CIVIL DIVISION

AVISTA MANAGEMENT, INC.,
d/b/a AVISTA PLEX, INC.

      Plaintiff,

                                         **CASE NO:**

vs.

WAUSAU UNDERWRITERS
INSURANCE COMPANY,

      Defendant.

_____

### COMPLAINT AND DEMAND FOR JURY TRIAL
### (UNFAIR METHODS OF COMPETITION AND UNFAIR OR
### DECEPTIVE ACTS OR PRACTICES)

The Plaintiff, AVISTA MANAGEMENT INC. d/b/a AVISTA PLEX, INC. ("AVISTA PLEX"), by and through its undersigned counsel, sues the Defendant, WAUSAU UNDERWRITERS INSURANCE COMPANY ("WAUSAU UNDERWRITERS"), and alleges the following:

### GENERAL ALLEGATIONS

1.    This is an action for damages in excess of Fifteen Thousand and No/100 Dollars ($15,000) exclusive of pre-judgment interest, court costs, and attorney fees.

2.    At all times relevant hereto the Plaintiff, AVISTA PLEX, was and is a Florida Corporation with its principal place of business located at 5353 Conroy Road, Suite #200, Orlando, Orange County, Florida.

3.    Upon information and belief, at all times material hereto, WAUSAU UNDERWRITERS, was and is foreign corporation duly authorized to conduct business

in the State of Florida and is engaged in the business of insurance in Orange County, Florida and throughout the State of Florida.

4.    Upon information and belief, at all times material hereto, WAUSAU UNDERWRITERS was a properly licensed and qualified insurance carrier by the State of Florida to engage in the business of insurance with Florida citizens.

5.    In consideration of the premium paid to it by AVISTA PLEX, WAUSAU UNDERWRITERS issued to AVISTA PLEX in Orlando, Orange County, Florida, a Commercial Property Insurance Policy, Policy No. YYJ-Z91-542331-104 ("The Policy"). which was in full force and effect at the time the damage occurred as a result of hurricane and/or hurricane force winds (Hurricane Charley) and the ensuring damages at the insured premises, known as Avista Plex, Inc., located at 5353 Conroy Road, Suite #200, Orlando, Orange County, Florida on or about August 13, 2004.   A true and accurate copy of the policy is in WAUSAU UNDERWRITERS' possession.   A copy of The Policy is attached hereto as Exhibit "A."

6.    On August 13, 2004, AVISTA PLEX sustained substantial damages as a result of Hurricane Charley.

7.    AVISTA PLEX paid all premiums on The Policy, and The Policy was in full and continuing force and effect at all relevant times herein.

8.    The damage to AVISTA PLEX'S property was due to hurricane and windstorm activity and was, therefore, a covered peril under The Policy, as well as the ensuing damages.

2

9. AVISTA PLEX complied with all conditions precedent to obtaining payment of benefits under The Policy from WAUSAU UNDERWRITERS and/or WAUSAU UNDERWRITERS waived such conditions precedent.

10. WAUSAU UNDERWRITERS investigated and adjusted the loss through its duly authorized representatives and adjusters (Claim No. X80A-001906-00), including but not limited to, Robby Phillips.

11. WAUSAU UNDERWRITERS acknowledged that the loss was covered, but wrongfully failed and/or refused to tender all insurance monies, undisputed or otherwise, due and owing AVISTA PLEX.

12. AVISTA PLEX has fully resolved its underlying conflict and dispute with WAUSAU UNDERWRITERS in a manner favorable to AVISTA PLEX.

13. AVISTA PLEX has complied with all the conditions precedent to filing this action by sending a January 31, 2005, Civil Remedy Notice of Insurer Violation to both the Florida Department of Financial Services and to WAUSAU UNDERWRITERS. (See attached Exhibit "B").

14. WAUSAU UNDERWRITERS did not pay damages or correct the circumstances within mandated sixty (60) days of the Civil Remedy Notice of Insurer Violation Acceptance by the Florida Department of Financial Services. See, Fla. §624.155.

15. An insurance contract is a contract of adhesion and should be construed in the light most favorable to the insured.

16. The concept of insurance is that insurance is the insurer's granting of prompt indemnity or security against a contingent loss.

3

17.    Inherent in any insurance contract is the premise that payment must be made promptly so that the insured may mitigate his/her damages and be put back into the position he/she was prior to loss as quickly as possible.

18.    Florida Statute §626.877 entitled, "Adjustments to comply with insurance contract and law," states that "[e]very adjuster shall adjust or investigate every claim, damage, or loss made or occurring under an insurance contract, in accordance with the terms and conditions of the contract and of the applicable laws of this state."

19.    Florida Statute §627.4135 entitled "Casualty insurance contracts subject to general provisions for insurance contracts," states that "[a]ll contracts of casualty insurance covering subjects resident, located, or to be performed in this state shall be subject to the applicable provisions of this part and to the other applicable provisions of this code."

20.    In Florida, the work of adjusting insurance claims engages the Public Trust.

## COUNT I
## (UNFAIR CLAIMS PRACTICES PURSUANT TO
## FLORIDA STATUTE §624.155 & §626.9541)

21.    AVISTA PLEX realleges the allegations contained in Paragraphs 1 through 20 above as stated herein in full, and further alleges the following.

22.    This is an action for Bad Faith pursuant to Florida Statute §624.155 and §626.9541.

23.    This action arose from a hurricane loss that occurred at AVISTA PLEX'S insured premises on or about August 13, 2004. Although, WAUSAU UNDERWRITERS admitted that AVISTA PLEX had coverage for hurricane and/or hurricane wind force

4

damages, WAUSAU UNDERWRITERS withheld, denied, failed and/or refused to tender all insurance proceeds due and owing AVISTA PLEX under The Policy.

24.     At all times relevant herein, WAUSAU UNDERWRITERS' adjuster, Robby Phillips, was an agent, employee, and/or representative insurance claims adjuster employed by WAUSAU UNDERWRITERS, and Robby Phillips was acting within the course and scope of his employment with WAUSAU UNDERWRITERS.

25.     Florida Statute §624.155 requires the insurance carrier, WAUSAU UNDERWRITERS, to treat its insureds with honesty, fairness, and with due regard for the interests of the insured. WAUSAU UNDERWRITERS breached this duty in the claims handling of AVISTA PLEX'S insurance claim for, *inter alia*, financial gain and profit.

26.     WAUSAU UNDERWRITERS is engaged in the business of insurance and is subject to Florida statutes, Florida regulations and Florida law while involved and engaged in the business of insurance.

27.     In the State of Florida an insurance carrier, WAUSAU UNDERWRITERS, pursuant to Florida Statute §624.155(1)(b)(1), has a duty to attempt, in good faith, to settle claims when, under all these circumstances, it could and should have done so, had it acted fairly and honestly towards its insureds, and with due regard for the insureds' interest. WAUSAU UNDERWRITERS has been guilty of failing and/or refusing, in good faith, to settle the subject claim when under all circumstances it could and should have done so had it acted fairly and honestly towards its insured, AVISTA PLEX, thereby failing to settle or pay the subject claim when the obligation to settle and pay had become more than reasonably clear. WAUSAU UNDERWRITERS breached

this duty in the claims handling of AVISTA PLEX'S insurance claim for, *inter alia,* financial gain and profit.

28.    In the State of Florida an insurance carrier, WAUSAU UNDERWRITERS, pursuant to Florida Statute §624.155(1)(b)(3), has a duty not to fail to promptly settle claims, when the obligation to settle a claim has become reasonably clear, under one portion of the insurance policy coverage, in order to influence settlements under other portions of the insurance policy coverage. WAUSAU UNDERWRITERS breached this duty in the claims handling of AVISTA PLEX'S insurance claim for, *inter alia,* financial gain and profit.

29.    WAUSAU UNDERWRITERS has failed and/or refused to treat AVISTA PLEX fairly and honestly and with due regard for its interests in attempts to coerce AVISTA PLEX to accept its "low-ball" offer, when it knew or should have known that AVISTA PLEX'S damages far exceeded WAUSAU UNDERWRITERS repair estimate(s).    WAUSAU UNDERWRITERS breached its duty of good faith claims handling with regard to its adjustment of AVISTA PLEX'S insurance claim for, *inter alia,* financial gain and profit.

30.    Upon information and belief, as a general business practice, WAUSAU UNDERWRITERS intentionally and/or in such reckless disregard for the rights of the insureds, utilizes unfair claims handling practices for financial gain.

31.    Upon information and belief, WAUSAU UNDERWRITERS has financially benefited from its unfair claims handling practices and as such WAUSAU UNDERWRITERS should be made to disgorge all unlawful or illegitimate monies it profited from such bad faith claims handling practices, including but not limited to, any

6

interest or monies WAUSAU UNDERWRITERS made from such unlawful or illegitimate monies.

32. Upon information and belief, WAUSAU UNDERWRITERS breached its duty fair insurance claims practices in the adjustment AVISTA PLEX'S insurance claim for financial gain and profit.

33. In the State of Florida an insurance carrier, WAUSAU UNDERWRITERS, pursuant to Florida Statute §626.9541(1)(i)(2), has a duty not to make material misrepresentation(s) to an insured for the purpose and with the intent of effecting settlement of such claims, loss, or damage under such contract or policy on less favorable terms than those provided in, and contemplated by, such contract or policy. WAUSAU UNDERWRITERS breached this duty in the adjustment AVISTA PLEX'S insurance claim for, *inter alia*, financial gain and profit.

34. In the State of Florida an insurance carrier, WAUSAU UNDERWRITERS, pursuant to Florida Statute §626.9541(1)(i)(3)(a), has a duty to adopt and implement standards for the proper investigation and settlement of claims.  WAUSAU UNDERWRITERS breached this duty in the adjustment AVISTA PLEX'S insurance claim for, *inter alia*, financial gain and profit.

35. In the State of Florida an insurance carrier, WAUSAU UNDERWRITERS, pursuant to Florida Statute §626.9541(1)(i)(3)(b), has a duty to not to misrepresent pertinent facts or insurance policy provisions relating to Coverages at issue to an insured.  WAUSAU UNDERWRITERS breached this duty in the adjustment AVISTA PLEX'S insurance claim for, *inter alia*, financial gain or profit.

36.    In the State of Florida an insurance carrier, WAUSAU UNDERWRITERS, pursuant to Florida Statute §626.9541(1)(i)(3)(c), has a duty to not fail to acknowledge and act promptly upon communications with respect to an insured's claim. WAUSAU UNDERWRITERS breached this duty in the adjustment AVISTA PLEX'S insurance claim for, *inter alia*, financial gain or profit.

37.    In the State of Florida an insurance carrier, WAUSAU UNDERWRITERS, pursuant to Florida Statute §626.9541(1)(i)(3)(d), has a duty not to deny claims without conducting reasonable investigations based upon available information.    WAUSAU UNDERWRITERS breached this duty in the adjustment AVISTA PLEX'S insurance claim for *inter alia*, financial gain or profit.

38.    In the State of Florida an insurance carrier, WAUSAU UNDERWRITERS, pursuant to Florida Statute §626.9541(1)(i)(3)(f), has a duty to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement.    WAUSAU UNDERWRITERS breached this duty in the adjustment AVISTA PLEX'S insurance claim for, *inter alia*, financial gain or profit.

39.    In the State of Florida an insurance carrier, WAUSAU UNDERWRITERS, pursuant to Florida Statute §626.9541(1)(i)(3)(g), has a duty to promptly notify the insured of any additional information necessary for the processing of a claim. WAUSAU UNDERWRITERS breached this duty in the adjustment AVISTA PLEX'S insurance claim for, *inter alia*, financial gain of profit.

40.    Pursuant to Florida Statute §624.307, §624.308, §626.878 and Fla. Admin. Code Ann. R. 69O-220.201 entitled "Ethical Requirements," WAUSAU UNDERWRITERS adjusters have the following duty:

A.    Treat claims fairly and honestly, putting the claimant's interest above the adjuster's own interest, in every instance.

B.    Not to have no undisclosed financial interest in any direct or indirect aspect of an adjusting transaction.

C.    Treat all claimants equally, not provide favored treatment to any claimant, and adjust all claims strictly in accordance with the insurance contract.

D.    Never approach investigations, adjustments, and settlements in a manner prejudicial to the insured.

E.    Make truthful and unbiased reports of the facts after making a complete investigation.

F.    Not knowingly fail to advise a claimant of their rights in accordance with the terms and conditions of the contract of insurance and of the applicable laws of the State of Florida.

G.    That each and every adjustment and settlement must be handled with honesty and integrity and to allow a fair adjustment or settlement to all parties without any remuneration to herself/himself except that to which he is legally entitled.

H.    Upon undertaking the handling of a claim, shall act with dispatch and due diligence in achieving a proper disposition thereof; and

I.    Shall not undertake the adjustment of any claim concerning which the adjuster is not currently competent and knowledgeable as to the terms and

conditions of the insurance coverage, or which otherwise exceeds the adjuster's current expertise.

41.     Pursuant to Fla. Admin. Code Ann. R. 4-166.024 and 4-220.201, WAUSAU UNDERWRITERS has a duty to adopt and implement standards for the acknowledgment of insureds' communications and investigation of claims with respect to claims; and, to timely acknowledge its insureds' communications with respect to claims and conduct its investigation of claims.

42.     WAUSAU UNDERWRITERS, rather than carrying out its contractual, statutory, regulatory and ethical duties, WAUSAU UNDERWRITERS committed acts during the adjustment of the claim and the underlying litigation which were not in "good faith" and were in violation of Florida Statute §624.155(1)(b)(1). These acts include, but are not limited to, the following:

A.     Providing "low ball" estimate of the insured's damages;

B.     Delaying payment of undisputed insurance monies due and owing AVISTA PLEX;

C.     Delaying providing all necessary expert reports and/or damage evaluations to AVISTA PLEX;

D.     Engaging in the above actions in order to avoid and/or delay payment of a covered loss;

E.     Attempts to find ways to delay AVISTA PLEX'S claim rather than providing prompt and full indemnity to the policyholder;

F.     Creation of a hostile, offensive and unprofessional investigation and adjustment of AVISTA PLEX'S insurance claim;

10

G.    Failure to properly train, supervise or otherwise manage adjusters, representatives, and investigators to properly, and in good faith, investigate and adjust claims so that a prompt and fair evaluation of the claim can be made and proper indemnity paid, resulting in the failure to pay a covered claim;

H.    Failure to adopt and implement standards for the proper investigation of AVISTA PLEX'S claim;

I.    Misrepresentation and/or omission of pertinent facts relating to the coverages and/or facts of the loss at issue, so as to provide an illegitimate basis for delay of the claim or the "low balling" of the claim amount, including the obligations of both the insured, AVISTA PLEX, and the insurer, WAUSAU UNDERWRITERS, during the adjustment of this claim;

J.    Failure to acknowledge and act promptly upon written and oral communications with respect to the claim, such that WAUSAU UNDERWRITERS itself caused delays in the adjustment of the claim;

K.    Delay of AVISTA PLEX'S claim without conducting a reasonable investigation based upon available information;

L.    Failure to promptly notify AVISTA PLEX of additional information necessary for the processing of AVISTA PLEX'S claim and then subsequently failing to clearly explain to AVISTA PLEX why information requested was relevant to the adjustment; and

M.    Training, evaluation and promotion of adjusters and claims management based on reduction of claim severity rather than promptly and fully paying policyholders amounts owed.

The above conduct demonstrates WAUSAU UNDERWRITERS failure to comply in good faith with the terms and conditions of The Policy.

43.     The aforementioned actions by WAUSAU UNDERWRITERS complained of in Paragraph forty-two (42) above, were made so often as to constitute a general business practice and with the motive of WAUSAU UNDERWRITERS to enhance its profits and were designed to be to the detriment of WAUSAU UNDERWRITERS' policyholders and, specifically, AVISTA PLEX herein, and all such actions were conducted intentionally, maliciously, or in the reckless disregard of the rights of AVISTA PLEX.

44.     WAUSAU UNDERWRITERS implemented claims programs that were/are secret and unknown practices that were designed to pressure its adjusters/investigators/employees to pay less than the value of the claim and be free from regulatory and judicial review and create an unfair advantage over its competitors.

45.     As a direct and proximate result of WAUSAU UNDERWRITERS' wrongful acts in violation of Florida Statute §624.155 and 626.9541 and Florida Admin. Code, AVISTA PLEX has suffered damages.

46.     Upon information and belief, the aforementioned acts, omissions, and statutory violations by WAUSAU UNDERWRITERS have occurred with such frequency as to indicate a general business practice and said acts were performed willfully, wantonly, and maliciously in reckless disregard for the rights of its insured, AVISTA PLEX.

47.     As a direct result of WAUSAU UNDERWRITERS' aforementioned acts, omissions, and statutory violations AVISTA PLEX was required to hire the undersigned

12

counsel to represent it in the adjustment of its insurance claim and in this action, and AVISTA PLEX was required to become obligated for attorney's fees and costs in connection with the prosecution of this action and Florida Statute, including Florida Statute §627.428, provides for the payment of attorneys fees in the event of such need.

**WHEREFORE,** the Plaintiff, AVISTA MANAGEMENT INC. d/b/a AVISTA PLEX, INC., demands judgment against the Defendant, WAUSAU UNDERWRITERS INSURANCE COMPANY, for actual and compensatory damages, interest and pre-judgment interest, costs, attorney fees, disgorge all unlawful or illegitimate monies Defendant profited from its bad faith claims handling practices of unfair insurance claims practices utilized against its insureds including but not limited to, any interest or monies Defendant made from such unlawful or illegitimate monies, as well as any other damages and relief that are deemed just and proper by this Court.

**FURTHER,** the Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: August 26, 2005

DAVID J. PETTINATO, ESQUIRE
Florida Bar No. 062324
**KELLY KUBIAK, ESQUIRE**
Florida Bar #108952
**MERLIN LAW GROUP, P.A.**
777 S. Harbour Island Boulevard
Tampa, FL 33602
813-229-1000
813-229-3692 fax
Attorneys for Plaintiff

13