## MXG-Marc J. Gutterman

| | |
|---|---|
| From: | David Pettinato [DPettinato@merlinlawgroup.com] |
| Sent: | Tuesday, June 14, 2005 4:36 PM |
| To: | MXG-Marc J. Gutterman |
| Cc: | Nancy Akins; Ajit Nana; fortson@publicadjuster.com; Kelly Kubiak |
| Subject: | RE: Avista Management & S&P Lodging ** SETTLEMENT OFFER (USE ONLY FOR SETTLEMENT PURPOSES) |

Mark:

I have spoken with Avista and it has no objection to executing a Hold Harmless agreement in this situation, as long as it reasonably drafted. Please draft up a proposed one and send to me for review.

Also, please send the insurance settlement checks to me as soon as possible. I believe it's been more than 20 days from the date of the settlement (April 28, 2005, Thursday) agreement, and interest is starting to accrue. See, Fla. Stat. 627.4265.

Please advise if Liberty Mutual is objecting to paying interest on the settlement proceeds. Florida Statute §627.4265 states as follows:

§627.4265. Payment of settlement

In any case in which a person and an insurer have agreed in writing to the settlement of a claim, the insurer shall tender payment according to the terms of the agreement no later than 20 days after such settlement is reached. The tender of payment may be conditioned upon execution by such person of a release mutually agreeable to the insurer and the claimant, but if the payment is not tendered within 20 days, or such other date as the agreement may provide, it shall bear interest at a rate of 12 percent per year from the date of the agreement; however, if the tender of payment is conditioned upon the execution of a release, the interest shall not begin to accrue until the executed release is tendered to the insurer.

The fact that releases and a Hold Harmless agreement needed to be resolved, that should not prohibit the insured from being sent the insurance settlement proceeds. Under Fla. Stat. §627.4265, plaintiff was entitled to interest in a settlement due to the insurance company's delay in paying the settlement because the settlement was not contingent upon the execution of releases. Abe v. Ehrling, 768 So. 2d 1225, 2000 Fla. App. LEXIS 12712, 25 Fla. L. Weekly D 2378 (Fla. Dist. Ct. App. 3d Dist. 2000), review denied by 789 So. 2d 345, 2001 Fla. LEXIS 693 (Fla. 2001).

The insured Avista is entitled to interest on a settlement amount because the settlement agreement was a contract and interest was recoverable for a contract debt; additionally, as the insurer, Liberty Mutual was required to make the settlement payment within 20 days pursuant to Fla. Stat. §627.4265. F.I.T. Aviation, Inc. v. Gleason, 510 So. 2d 1217, 1987 Fla. App. LEXIS 9900, 12 Fla. L. Weekly 1994 (Fla. Dist. Ct. App. 5th Dist. 1987).

Lastly, Avista would offer, at this time only, before any litigation monies and time are spent on the Bad Faith causes of action, to settlement the matter in its entirety. Accordingly, Avista hereby makes the offer to settle all the potential Bad Faith causes of action for the 9 insured properties for $1,500,000.00 plus attorneys fees and Public Adjuster fees.

Avista's total building property damages were approximately $4,600,000.00. Liberty Mutual paid approximately $3,100,000.00, for a net difference of approximately $1,500,000.00. Thus Avista, to put it back into a pre loss condition, uses that number as a fair number for settlement of the bad faith cases.

    $1,500,000.00    (offer to settle Bad Faith cases for 9 insured
       hotel properties.  That is $166,666.66 per insured                property/case.
That is an excellent settlement offer by                    Avista at this time)

1

• PA (Public Adjuster) fee

+ Attorney fee

Please advise as to Liberty Mutual's response to the above. If you like to discuss the above, please call me.

David J. Pettinato Esq.
Merlin Law Group
777 S. Harbour Island Blvd., Suite 950
Tampa, Florida 33602
(813) 229-1000
dpettinato@merlinlawgroup.com
Insurance (1st and 3rd party) Litigation, Bad Faith,
Complex Insurance Coverage and Litigation

-----Original Message-----
From: MXG-Marc J. Gutterman [mailto:mgutterman@conroysimberg.com]
Sent: Saturday, June 11, 2005 3:19 PM
To: David Pettinato
Subject: Avista Management & S&P Lodging

David:

Please allow this message to follow and confirm our telephone conversation last week. As discussed, you will be contacting your clients to see if they would be willing to execute an indemnification and hold harmless agreement as part of the Release to be provided to Wausau. The indemnification and hold harmless agreement would only apply to the allocation of the claim payments and any possible claim/suit that might be brought by a loss payee or mortgagee pertaining to the allocation. We also discussed the possibility of your clients obtaining the written consent of each loss payee or mortgagee to the allocation in lieu of an indemnification and hold harmless agreement. I look forward to hearing from you regarding this issue.

Additionally, as discussed, please kindly provide me with a written demand for any "bad faith" claim(s) prior to your clients filing any "bad faith" lawsuit(s).

I look forward to hearing from you. Have a good weekend.

Regards,

Marc


Marc J. Gutterman, Esquire
Partner
Property Department
Conroy, Simberg, Ganon, Krevans & Abel, P.A.
3440 Hollywood Boulevard
Second Floor
Hollywood, Florida 33021
Telephone:  954.961.1400
Direct Dial:    954.518.1212
Facsimile:  954.967.8577
Mobile:         954.655.6749
Email:          mgutterman@conroysimberg.com
Visit us at:    www.csglaw.com
Miami/Coral Gables - Fort Lauderdale/Hollywood - West Palm Beach - Orlando - Tampa - Fort Myers - Pensacola - Tallahassee - Jacksonville - New York City

> PRIVILEGE AND CONFIDENTIALITY NOTICE: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The contents of this e-mail message and any attachments are intended solely for the party or parties addressed and named in this message. This communication and all attachments, if any, are intended to be and to remain confidential, and it may be subject to the applicable

attorney - client privilege and/or work product protection. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute, or copy this message and or any attachments if you are not the intended recipient. Do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments. Although this E-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Conroy, Simberg, Ganon, Krevans & Abel, P.A., for damage arising in any way from its use.

>
>
>