**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AVISTA MANAGEMENT, INC.,**
**d/b/a Avista Plex, Inc.,**

       **Plaintiff,**

-vs-                                              **Case No. 6:05-cv-1430-Orl-31JGG**
                                                                                 **(Consolidated)**

**WAUSAU UNDERWRITERS INSURANCE**
**COMPANY,**

       **Defendant.**

**ORDER**

This cause came on for emergency hearing on September 14, 2006, on the following motion:

| | |
|---|---|
| **MOTION:** | **AVISTA'S EMERGENCY ORAL MOTION TO COMPEL** |
| **FILED:** | **September 14, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

**I.  BACKGROUND**

On September 14, 2006, Plaintiff Avista Management, Inc. ("Avista") made an emergency oral motion to compel related to the deposition of Joan Ruland, which was being taken that day in Boston, Massachusetts.  Ruland is an employee of Defendant Wausau Underwriters Insurance Company ("Wausau") and works as a claims examiner.  Avista's deposition notice included a request to produce documents including, *inter alia,* a request to produce the complete paper and electronic claims file.  Ruland did not bring to the deposition a copy of the claims file.  Wausau argues that it produced the

entire claims file to Avista months ago and, therefore, it should not be required to produce the file at depositions. Wausau further states that the claims file, consisting of approximately 14,000 pages filling six banker's boxes, was produced to Avista in the form Wausau had provided it to Wausau's counsel.

Avista represents that when Ruland was questioned regarding particular documents that were part of the claims file, she acknowledged that documents were incomplete. Ruland further stated that the complete document may have been on her work computer. Avista's counsel argues that because of the manner in which Wausau produced the claims file, he is unable to ascertain the completeness of the documents and he is unable to present documents to witnesses for authentication during deposition. Avista requested that Wausau be required to produce its claims file at depositions when it is requested.

Approximately one month ago, there was another emergency oral motion related to a different defense witness who failed to produce the claims file at his deposition. At that time, the Court refrained from ordering Wausau to bring the claims file to each deposition. Nevertheless, the Court did order that any time taken from the deposition to locate the relevant documents in the copy of the file produced to Plaintiff would be excluded from the seven hours allowed for depositions. The Court also directed Wausau to make the original claims file available to Avista for inspection upon request, and Avista has requested inspection of the original file.

Despite this Court's order instructions to Wausau to produce the original claims file, Wausau has not yet produced it. Wausau's counsel claims that he is working diligently to review the claims file to redact any privileged materials before making it available for inspection. Counsel for Wausau

concedes that the documents contained in the original claims file are in the same order as were produced to Avista. Defense counsel already reviewed those documents for privilege and produced a privilege log. It would seem to be a relatively simple matter to identify and remove those documents from the original file prior to Plaintiff's inspection. The delay in producing the original file suggests that Wausau maintained the original claims file in a form different from the form later produced to Avista.

## II.   RULING

Absent an alternative agreement between counsel, Wausau shall produce the original claims file at the deposition of any witness when requested by Plaintiff, such request not to be made unreasonably. Further, when a witness employed or formerly employed by Wausau testifies regarding a document in the claims file, but the witness cannot identify it or locate it after reviewing the file, Wausau's counsel shall assist Wausau's witness in locating the complete document at issue. Wausau's counsel has prepared an index of documents in the claims file. Counsel's assistance likely will expedite the conduct of the deposition. Time taken to locate a document in the claims file will not be counted toward the seven hour time limit.

With respect to the deposition of Ruland, Defendant shall produce Ruland for a second day of deposition regarding the documents in the claims file, unless the parties agree to some other resolution of the specific problems encountered today. Furthermore, when a witness is asked to produce particular categories of documents duces tecum, defense counsel must determine whether that witness has any such documents in addition to those already produced by the corporation. Counsel

must always make the appropriate inquiries and supplement the document production if the witness has discoverable documents that differ from those produced by the corporation.

**DONE** and **ORDERED** in Orlando, Florida on September 14, 2006.

JAMES G. GLAZEBROOK<br>
UNITED STATES MAGISTRATE JUDGE